

**Office of the New York State Attorney General**

**Letitia James Attorney General**

September 22, 2025

**By ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *X Corp. v. James*, No. 25-cv-5068 (JPC)

Dear Judge Cronan:

      This Office represents defendant Letitia James in her official capacity as the New York State Attorney General in the above-referenced action, which concerns a facial and as-applied challenge to portions of Article 42 of New York's General Business Law (Ch. 640, Laws of 2024) (the "Act"). I write in response to plaintiff's request for a pre-motion conference for its proposed Rule 11 motion for sanctions (ECF No. 22). As explained below, plaintiff's proposed Rule 11 motion is patently meritless, and even if this were not the case, the Court should defer briefing on any Rule 11 motion until after the Court's resolution of defendant's anticipated Rule 12(b) motion to dismiss.

      On the merits, plaintiff cannot satisfy the requisite "high bar" to establish a Rule 11 violation. *See, e.g.*, *VeroBlue Farms USA Inc. v. Canaccord Genuity LLC*, No. 20-cv-4394 (JPC), 2021 WL 3913555, at *15 (S.D.N.Y. Sep. 1, 2021). Plaintiff contends that the Second Circuit's recent decision in *Volokh v. James* conclusively resolved the claims before this Court concerning the constitutionality of the Act, and has thus "foreclosed" *any* arguments the State could make in defending the Act as frivolous and sanctionable. *See* ECF No. 22 at 2-3.

      Plaintiff's contention strains credulity. *Volokh* concerned a First Amendment challenge to New York's Hateful Conduct Law. *See Volokh v. James*, 148 F.4th 71 (2d Cir. 2025). The *Volokh* court did not resolve the First Amendment challenge before it; instead, the majority of the *Volokh* panel certified three questions about the proper construction of the Hateful Conduct Law to the New York Court of Appeals, reasoning that the state court's "authoritative interpretation of the Hateful Conduct Law *may be* 'determinative' of this appeal" on the merits. *Id.* at 100 (emphasis added).[1]

---

[1] On September 16, 2025, the New York Court of Appeals accepted the certified questions. *See Volokh v. James*, 2025 WL 2646981, 2025 N.Y. Slip. Op. 76567 (Sep. 16, 2025).

Hon. John P. Cronan  Page 2 of 3
Sep. 22, 2025

In explaining its certification decision, the *Volokh* majority referenced the Ninth Circuit's decision in *X Corp. v. Bonta*, where the Ninth Circuit enjoined California Attorney General's enforcement of a California law which is very similar to the Act. *Volokh*, 148 F.4th at 93. Specifically, the majority of the *Volokh* panel posited that a hypothetical construction of portions of the Hateful Conduct Law may run afoul of the First Amendment under the Ninth Circuit's reasoning in *X Corp. Id*.

It is well settled that "[a] judge's power to bind is limited to the issue that is before him." *United States v. Rubin*, 609 F.2d 51, 69 (2d Cir. 1979) (Friendly, J., concurring). The only statute before the *Volokh* panel was the Hateful Conduct Law. The Second Circuit did not even conclusively resolve the constitutionality of that statute—let alone that of a different statute whose constitutionality the parties did not litigate and the *Volokh* panel thus had no occasion to pass on.[2] The *Volokh* majority's statements bearing on hypothetical scenarios are "clearly dicta" and do not constitute any binding determination. *See United States v. Johnson*, 143 F.4th 184, 185 (2d Cir. 2025) (op. of Lohier, J., concurring in the denial of rehearing en banc, joined by Bianco, Kahn, Lee, Robinson, Perez, and Nathan, JJ.); *cf. Hormel Foods Corp. v. Jim Henson Prod., Inc.*, 73 F.3d 497, 508 (2d Cir. 1996) (rulings on issues that were "thoroughly litigated" and decided not dicta).

To be sure, the *Volokh* majority's statements about the Ninth Circuit's *X Corp.* decision provide plaintiff with arguments in support of its claims. But on the other hand, as explained in defendant's pre-motion letter (ECF No. 21 at 2-3), many other portions of the majority's opinion in *Volokh* (and other Second Circuit decisions) offer strong support for defendant's arguments for dismissal. Under these circumstances, in the absence of a binding court order declaring *the Act* invalid and unenforceable, the Attorney General's vigorous defense of the Act cannot violate Rule 11. *See VeroBlue Farms*, 2021 WL 3913555, at *17 (judiciary's interest in "encouraging zealous advocacy" counsels against finding of Rule 11 violation; distinguishing between unsuccessful legal theories and frivolous ones). This is so especially in light of the Attorney General's statutory responsibilities in defending the constitutionality of the State's laws. *See* Exec. Law § 71 (requiring notice to the Attorney General any time the constitutionality of a state law is challenged).

Moreover, even where binding law exists, a party does not violate Rule 11 by asserting "nonfrivolous" arguments "for extensions, modifications, or reversals of existing law or for creation of new law," provided there is "some support" for those arguments. Fed. R. Civ. P. 11, *Advisory Committee Notes—1993 Amendments*. The portions of *Volokh* and the other Second Circuit authorities cited in the Attorney General's pre-motion letter, along with arguments that defendant will make in its motion to dismiss, will establish that there are ample reasonable arguments in support of her defense of this suit.

Here, plaintiff's attempt to preclude the Attorney General from *defending* the constitutionality of a duly-enacted state law would be tantamount to affording an immediate judgment in favor of plaintiff in this suit without any filing by the Attorney General—an extraordinary and entirely improper result. Rule 11 cannot be invoked to secure a merits determination, *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 n.7 (S.D.N.Y. 2003), "to

---

[2] Indeed, the Act (passed by the Legislature in June 2024 and signed into law in December 2024 by Governor Hochul) did not exist at the time the *Volokh* appeal was briefed (fall 2023) and argued (February 2024).

emphasize the merits of a party's position, . . . [or] to intimidate an adversary into withdrawing contentions that are fairly debatable," Fed. R. Civ. P. 11, *Advisory Committee Notes—1993 Amendment*, as plaintiff is impermissibly seeking to do here.[3]

In any event, the Court should defer briefing on plaintiff's proposed motion. The merits of plaintiff's proposed Rule 11 motion turn on what *Volokh* actually decided, and whether the arguments defendant *will make* in defense of the challenged provisions of the Act are objectively frivolous and have "no chance of success," *VeroBlue Farms*, 2021 WL 3913555, at *15, or "well-grounded in fact or warranted by existing law," *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 961 (2d Cir. 1990). The Court will be well positioned to answer those questions after resolving defendant's Rule 12(b) motion. Plaintiff has failed to articulate any reason why the Rule 11 motion should be briefed now, or any prejudice inuring from deferring briefing. On the other hand, contemporaneously briefing of the Rule 11 motion with defendant's dismissal motion is unnecessary, duplicative of the merits briefing, and potentially wastes party resources, since it is conceivable that the Court's resolution of the dismissal motion may narrow or obviate altogether plaintiff's Rule 11 arguments. Accordingly, the Court should exercise its broad discretion to defer briefing on plaintiff's Rule 11 motion until after its resolution of defendant's Rule 12(b) motion. *See, e.g.*, *Mann*, 900 F.2d at 961 ("the Rule 11 motion is generally determined at the end of the proceedings").

Thank you for the Court's time and consideration.

Respectfully submitted,

/s/ Linda Fang  
LINDA FANG  
Special Litigation Counsel  
212-416-8580  
Linda.Fang@ag.ny.gov

---

[3] Notably, plaintiff's Rule 11 notice, dated August 22, 2025 (ECF No. 22-2), predated defendant's assertion of *any* "claim, defense, contention" in this case, which among other things, renders the notice defectively premature. *See* Fed. R. Civ. P. 11(c)(2).