UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X CORP.,

Plaintiff,

-v-

ATTORNEY GENERAL LETITIA JAMES, *in her official capacity as Attorney General of New York*,

Defendant.

25 Civ. 5068 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Emanuel McCray, a social media user who goes by "TrumpGenius," has moved to intervene in a lawsuit brought by Plaintiff X Corp. which challenges certain provisions of a New York statute regulating social media companies. Dkt. 13 ("Motion"). For the reasons that follow, the Court denies McCray's motion to intervene.

## I. Background

On June 17, 2025, Plaintiff sued New York Attorney General Letitia James to challenge New York General Business Law Sections 1102(1)(c), 1102(1)(d)(i), and 1102(1)(e). Dkt. 1 ("Compl.").[1] These provisions require social media companies to disclose various elements of their terms of service and content-moderation policies. For example, Section 1102(1)(c) mandates disclosure of any definitions included in the terms of service for content categories such as "hate speech or racism," "extremism or radicalization," "disinformation or misinformation," and "foreign political interference." N.Y. Gen. Bus. L. § 1102(1)(c); *see* Compl. ¶ 1. Plaintiff refers

[1] Plaintiff also challenges New York General Business Law Section 1103, but only as it applies to the other three provisions. Compl. ¶ 1.

to the challenged subsections of Section 1102 as the "Content Category Report Provisions." Compl. ¶ 1.

Plaintiff alleges that the Content Category Report Provisions "impermissibly interfere[] with the First Amendment-protected editorial judgments of companies such as X Corp. to remove, demonetize, or deprioritize such speech on their platforms." *Id.* ¶ 2. Plaintiff challenges these subsections as violating the First Amendment of the United States Constitution and Article I, Section 8 of the New York Constitution, both facially and as-applied. *Id.* ¶¶ 39-55. Plaintiff seeks a declaratory judgment deeming the Content Category Report Provisions unconstitutional, an injunction prohibiting Defendant from enforcing those Provisions, and an award of fees and costs under 42 U.S.C. § 1988. *Id.* at 25.

Aside from these constitutional challenges, Plaintiff claims that the Content Category Report Provisions violate Plaintiff's statutory immunity under 47 U.S.C. § 230(c)(2)(A). *Id.* ¶¶ 56-68. That is because, according to Plaintiff, the Provisions' imposition of "a civil penalty not to exceed fifteen thousand dollars per violation per day" and authorization of injunctive-relief suits brought by the New York Attorney General, N.Y. Gen. Bus. L. § 1103, are unenforceable as Section 230(c)(2)(A) "precludes liability for 'any action' taken voluntarily in good faith by an interactive computer service to restrict access to certain content." Compl. ¶ 62. Plaintiff alleges that this immunity extends to "any actions taken in good faith to restrict access to content without making the disclosures required by the Content Category Report Provisions." *Id.* ¶ 63.

On July 6, 2025, McCray moved to intervene and seeks to facially challenge all of New York's SB S895B, N.Y. Gen. Bus. L. §§ 1100 *et seq.*, which includes the Content Category Report Provisions plus additional disclosure requirements and other provisions not challenged by Plaintiff. Dkt. 13. In connection with his motion, McCray filed a proposed complaint, in which

he requests a declaratory judgment that SB S895B is unconstitutional. Dkt. 13-1 ("McCray Compl."). Plaintiff filed an opposition to the intervention motion on July 22, 2025. Dkt. 14 ("Opposition").

McCray alleges that his rights are violated by Plaintiff's "disclosure and publication of [his] highly valuable social media speech and content that is disfavored by the State of New York, all without providing [him] with prior notice and an opportunity to object to the disclosure." McCray Compl. ¶ 14. McCray also objects to SB S895B's requirement that the Attorney General "publish disaggregated information that includes the 'profiles of users.'" *Id.* ¶ 1(h). McCray further contends that SB S895B operates as "government censorship," with social media providers like Plaintiff being "Institutional Censors" engaging in censorship on New York's behalf. Motion at 23. Pointing to an April 28, 2021 tweet of his that was supposedly blocked, *see* Compl. ¶ 27, McCray argues that Plaintiff and Defendant "have already shown signs of having colluded involving the censorship of COVID-19 information disfavorable to New York, other states and the CCP." Motion at 21. McCray argues that his interests will be impaired if intervention is denied. *Id.* at 21-22.

## II. Discussion

Intervention is "a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). Federal Rule of Civil Procedure 24 "strikes this balance by providing potential intervenors with two ways to intervene: intervention as of right under Rule

24(a) and permissive intervention under Rule 24(b)." *Cont'l Indem. Co. v. Bulson Mmgt., LLC*, No. 20 Civ. 3479 (JMF), 2020 WL 6586156, at *2 (S.D.N.Y. Nov. 10, 2020).

McCray argues that he is "entitled to intervene both as of right and on a permissive basis." Motion at 17.[2] The Court considers McCray's arguments for intervention of right and permissive intervention in turn.

**A. Intervention as of Right**

Rule 24(a)(2) provides that a court must grant intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Therefore, "[t]o prevail on a motion for intervention as of right, a movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (internal quotation marks omitted). "Failure to meet any one of these requirements suffices for a denial of the motion." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197-98 (2d Cir. 2000).

McCray fails to establish that his interest is inadequately protected by the parties to the action. In his proposed complaint, McCray requests "[t]hat the Court enter a declaratory judgment

---

[2] Plaintiff argues that Article III standing is a threshold question for intervention, and that McCray lacks standing. Opposition at 5-6. But "an intervenor of right must have Article III standing in order to pursue relief that *is different* from that which is sought by a party with standing," as "[a]t least one plaintiff must have standing to seek each form of relief requested" in a case. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439-40 (2017) (emphasis added). So McCray may request the same declaratory relief as to the Content Category Provisions sought by Plaintiff without an independent showing of standing. Because the Court denies McCray's motion in full—regardless of the relief sought or the specific provisions challenged—it need not consider the standing issue further.

declaring that New York Senate Bill S895B . . . violates Amendments First, Fourth, Fifth and Fourteenth of the U.S. Constitution." McCray Compl. at 12. While Plaintiff requests a declaratory judgment against the Content Category Report Provisions rather than all of SB S895B, McCray acknowledges that he and Plaintiff "share the same ultimate objective." Motion at 21.

Where, as here, "the putative intervenor and a named party have the same ultimate objective," the Second Circuit requires a heightened showing that the movant "rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179-80 (2d Cir. 2001). While "not an exhaustive list . . . evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Id*. at 180.

McCray offers three reasons to overcome the presumption of adequacy, but none persuades. First, McCray argues that "any identity of interest is tenuous at best given Plaintiff X Corp.'s COVID-19 censorship on behalf of New York, other States and the CCP." Motion at 21. However, the allegation that Plaintiff censored McCray or anyone else does not contradict the identity of their interests in pursuing this case. Both McCray and Plaintiff seek a declaratory judgment concerning the Content Category Provisions for overlapping reasons, and the fact that Plaintiff targets the rest of SB S895B does not move the needle. *See United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999) ("Representation is not inadequate simply because the applicant would . . . press for more drastic relief, . . . or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." (internal quotation marks omitted)). Second, and similarly, McCray argues that Plaintiff's alleged censorship of his April 2021 tweet establishes the adversity of interest required to overcome the presumption of adequacy. Motion at 22-23. But these allegations do not establish

an adversity of interest for purposes of this litigation: any conflict between McCray and Plaintiff about Plaintiff's past content moderation is tangential to their shared interest in invalidating the relevant parts of SB S895B, which was enacted *after* the alleged censorship. *Cf. City of New York*, 198 F.3d at 367. Finally, McCray contends that "both parties have already shown signs of having colluded involving the censorship of COVID-19 information disfavorable to New York." Motion at 21. But beyond that conclusory assertion, he fails to allege any evidence of collusion.

Indeed, the presumption of adequacy here is especially strong given Plaintiff's past success challenging another state's provisions that are similar to the Content Category Report Provisions. *See X Corp. v. Bonta*, 116 F.4th 888 (9th Cir. 2024). In the end, McCray's arguments rebutting the presumption of adequacy are unpersuasive. *See Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Env't Conservation*, 834 F.2d 60, 62 (2d Cir. 1987) ("So long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented."). Because inadequacy of representation is required under Rule 24(a)(2), *see Floyd*, 770 F.3d at 1057, the Court denies McCray's motion to intervene of right.

**B. Permissive Intervention**

McCray alternatively seeks permissive intervention under Rule 24(b)(1)(B). *See* Motion at 17. Under this Rule, the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The court considers substantially the same factors whether the claim for intervention is 'of right' under [Rule] 24(a)(2), or 'permissive' under [Rule] 24(b)(2)." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Yet, "[i]n exercising its discretion" over a

motion for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court's finding that McCray's interests are adequately represented by Plaintiff weighs strongly against permissive intervention. However, "while existing adequate representation may militate against allowing permissive intervention, such intervention may still be appropriate if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (internal quotation marks omitted).

McCray fails to show that his intervention will aid in just and equitable adjudication. The existing parties are capable of effectively presenting the issues to this Court, and McCray's interest in challenging the Content Category Report Provisions is adequately represented by Plaintiff. Nor is McCray "uniquely situated to offer evidence of the balance of hardships" in this case. *Hum. Servs. Council of N.Y. v. City of New York*, No. 21 Civ. 11149 (PGG), 2022 WL 4585815, at *5 (S.D.N.Y. Sept. 29, 2022); *see New York v. U.S. Dep't of Health & Hum. Servs.*, No. 19 Civ. 4676 (PAE), 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019) (allowing permissive intervention despite adequacy of representation because the proposed intervenors would provide "concrete factual submissions" which would benefit the court in considering the hardships in a motion for preliminary relief).

While McCray notes that "[n]o discovery or motion practice [had] taken place" at the time his motion was filed, Motion at 18, this is insufficient to show a lack of delay or prejudice. Litigation based on McCray's claimed injury—*i.e.*, Plaintiff's alleged censorship of his April 2021 tweet—which occurred before the challenged statute existed, and was caused by Plaintiff rather than Defendant, would muddy the waters and distract from the issues between the parties. *See*

*City of New York*, 198 F.3d at 367-68 (affirming the district court's finding that "since the claimed interests of the proposed intervenors, although broadly related to the subject matter of this action, are extraneous to the issues before the court, intervention would indeed unduly delay the adjudication of the rights of the existing parties to the action" (citation modified)).

Additionally, allowing McCray to intervene would encourage intervention by any other individual who claims to have been censored by Plaintiff or any other social media platform, leading to further costs and delays without any substantial benefit to this Court or the existing parties. *See New York v. Nat'l Sci. Found.*, No. 25 Civ. 4452 (JPC), 2025 WL 1793858, at *6 (S.D.N.Y. June 30, 2025) ("[P]ermitting intervention would encourage other parties to intervene in this lawsuit who claim to have an interest in this case, which would result in the piling on of parties, delay, extra cost, and increased risk of error." (citation modified)).

The Court therefore declines to exercise its discretion to allow permissive intervention.

**III. Conclusion**

For these reasons, the Court denies McCray's motion to intervene. The Clerk of Court is respectfully directed to close Docket Numbers 13 and 17.

SO ORDERED.

Dated: February 3, 2026
New York, New York

JOHN P. CRONAN
United States District Judge