# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 1990 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 221 W. 10th STREET<br>WILMINGTON, DE 19801<br>(302) 884-0000 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

June 29, 2026

Re:    *X Corp.* v. *James*, No. 1:25-cv-05068-JPC (S.D.N.Y.)

Dear Judge Cronan:

We write on behalf of Plaintiff X Corp. in response to Defendant's June 26, 2026 letter regarding the recent decision of the New York Court of Appeals in *Volokh v. James*, No. 58, 2026 WL 1790976, 2026 N.Y. Slip Op. 03913 (June 23, 2026), which answered the questions certified to it by the Second Circuit Court of Appeals in *Volokh v. James*, 148 F.4th 71 (2d Cir. 2025).  The Court of Appeals' decision on the certified questions does not impact the Defendant's pending motion to dismiss (Dkts. 28, 29, 31).

As discussed in Plaintiff's opposition to Defendant's motion (Dkt. 30), in *Volokh*, 148 F.4th 71, the Second Circuit explained that the New York statute in *Volokh*—known as the Hateful Conduct Law ("HCL")—is subject to two possible interpretations: one where disclosure of policies that do not "specifically address hateful conduct" could satisfy the HCL and another where compliance requires disclosure of policies specifically addressing "hateful conduct."  *See* Dkt. 30 at 3–4 (citing *Volokh*, 148 F.4th at 90–94).  The Second Circuit held that, under the first interpretation, the HCL would be subject to and withstand scrutiny under *Zauderer,* Dkt. 30 at 4 (citing *Volokh*, 148 F.4th at 90–91), but under the second interpretation, the HCL "would be analogous to" AB 587 (the "California law considered by the Ninth Circuit in *X Corp.* [v. *Bonta*, 116 F.4th 888 (9th Cir. 2024)]"), "*Zauderer* would not apply," and the HCL "would not satisfy the intermediate or strict scrutiny that would follow."  Dkt. 30 at 4 (citing *Volokh*, 148 F.4th at 93); *see also id.* at 12–17 (discussing *Volokh*, 148 F.4th 71, and *X Corp.*, 116 F.4th 888).

The provisions of the law challenged in this case, "S895B," N.Y. Gen. Bus. Law §§ 1100–1104, are identical in all material respects to the challenged provisions of California's AB 587 that were struck down by the Ninth Circuit on First Amendment grounds after holding that the law triggered and could not survive strict scrutiny.  *See X Corp.*, 116 F.4th 888; Dkt. 30 at 2 n.2 (citing Dkt. 21-1) (showing that S895B and AB 587 are identical).  Given that, the decision of the Court of Appeals—concluding that the HCL is subject to the first interpretation—does not disturb the Second Circuit's holding that laws that are "analogous" to AB 587 trigger and fail heightened scrutiny.  *Volokh*, 148 F.4th at 93.  S895B is such a law.

CAHILL GORDON & REINDEL LLP

-2-

Respectfully submitted,

/s/ Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3120
jkurtzberg@cahill.com

*Counsel for Plaintiff X Corp.*

Honorable John P. Cronan
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007
**By ECF**